**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
**By jpayton at 2:27 pm, Jul 14, 2011**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Number <u>11-30021</u> |
| WILLIAM M. FOSTER, JR. | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |

<u>ORDER</u>

Before the Court is an emergency Motion to Extend the
Automatic Stay Pending Appeal filed by William M. Foster, Jr.
("Debtor") pursuant to Federal Rule of Bankruptcy Procedure 8005.[1]
Debtor seeks a stay of this Court's order dismissing his chapter 11

---

[1]  Fed. R. Bankr. P. 8005 states in pertinent part:

A motion for a stay of the judgment, order, or decree of
a bankruptcy judge, for approval of a supersedeas bond, or
for other relief pending appeal must ordinarily be
presented to the bankruptcy judge in the first instance.
Notwithstanding Rule 7062 but subject to the power of the
district court and the bankruptcy appellate panel reserved
hereinafter, the bankruptcy judge may suspend or order the
continuation of other proceedings in the case under the
Code or make any other appropriate order during the
pendency of an appeal on such terms as will protect the
rights of all parties in interest. A motion for such
relief, or for modification or termination of relief
granted by a bankruptcy judge, may be made to the district
court or the bankruptcy appellate panel, but the motion
shall show why the relief, modification, or termination
was not obtained from the bankruptcy judge.

✎AO 72A
(Rev. 8/82)

bankruptcy case entered June 17, 2011.[2]

The following four-part test is used to determine whether to grant a motion to stay an order pending appeal:

> 1) that the movant is likely to prevail on the merits on appeal;
>
> 2) that absent a stay the movant will suffer irreparable damage;
>
> 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and
>
> 4) that the public interest will be served by issuing the stay.

Garcia-Mir v. Meese, 781 F.2d 1450 (11th Cir. 1986); In re Forest Oaks, LLC., 2010 WL 1904340 (S.D. Ala. May 10, 2010)(utilizing four part test in deciding whether to stay bankruptcy court's order dismissing chapter 11 case); In re Arnal, 2003 WL 22709326 *1 (Bankr. S.D. Ga. July 30, 2003)(setting forth the four part test for determining a motion for stay pending appeal). Each element must be proven by a preponderance of the evidence. In re F.G. Metals, Inc., 390 B.R. 467, 472 (Bankr. M.D. Fla. 2008). Generally, the first factor is the most important; however, "a movant does not always have to demonstrate a probable likelihood of success on the merits on appeal. Where the balance of the equities (factors 2 through 4)

---

[2]   The facts of this case are set forth extensively in this Court's Order Dismissing the Case and are incorporated herein by reference. See Order, Dckt. No. 202.

2

weigh heavily in favor of granting the stay, the movant need only show a 'substantial case on the merits.'" <u>Garcia-Mir v. Meese</u>, 781 F.2d 1450, 1453 (11th Cir. 1986). The factors are interrelated and must be balanced. <u>In re Target Graphics, Inc</u>. 372 B.R. 866 (E.D. Tenn. 2007).

Debtor argues this Court misapplied recent amendments to 11 U.S.C. §1112(b) to the facts of this case and secondly that the Court failed to rule on the motion to dismiss within 15 days of the hearing date as required by 11 U.S.C. §1112(b)(3) thereby causing prejudice to Debtor.

As to the first factor, I continue to think my ruling is supported by the existing law and precedent even with the 2005 and 2010 amendments to the Bankruptcy Code. <u>See</u> <u>In re Vallambrosa Holdings, LLC.</u>, 419 B.R. 81, 85-86 (Bankr. S.D. Ga. 2009)("[I]n this Circuit, there is clear and long established guidance which holds that a Chapter 11 case which is not filed in good faith can be dismissed for 'cause.' ")(internal citations omitted); <u>In re Global Ship Sys., LLC</u>, 391 B.R. 193 (Bankr. S.D. Ga. 2007). "Possible equity in the property or a potential for a successful reorganization does not preclude a finding of a bad faith filing." <u>Phoenix Piccadilly Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly Ltd.)</u>, 849 F.2d 1393, 1395 (11th Cir. 1988). I do not agree with

3

Debtor's assertion that the 2010 amendments to 11 U.S.C. §1112(b) superseded or trumped the good faith requirements of <u>Piccadilly</u> and its progeny.  Under §1112(b), even assuming unusual circumstances are found to be present, Debtor must show that there is a reasonable likelihood a plan would be confirmed within a reasonable period of time and he must show there is a reasonable justification for the act or omission and it can be cured within a reasonable period of time. 11 U.S.C. §1112(b)(2).  To be confirmed the plan must be proposed in good faith.  <u>See</u> 11 U.S.C. §1129(a)(3).

Debtor further argues the <u>Phoenix Piccadilly</u> factors only apply to single asset real estate cases; however, the analysis is not limited to single asset cases.  <u>See</u> <u>In re McKinnon</u>, 378 B.R. 405, 414 n. 13 (Bankr. S.D. Ga. 2007)(<u>citing</u> <u>In re Wells</u>, 227 B.R. 553, 561 (Bankr. M.D. Fla. 1998).  Furthermore, the consideration of the financial distress of a debtor is not a new concept in this Circuit. <u>See</u> <u>In re Dixie Broad., Inc.</u>, 871 F.2d 1023, 1027 (11th Cir. 1989)(listing financial distress as a factor courts consider); <u>In re Double W Enters., Inc.</u>, 240 B.R. 450, 455 (Bankr. M.D. Fla. 1999)(stating a debtor should "show that the threat of financial distress is more than speculation that multiple claims may be asserted against it in the future" and chapter 11 should not be used to "obtain a perceived advantage in litigation with other or to

4

provide an alternate forum."); In re Watkins, 210 B.R. 394, 402 (Bankr. N.D. Ga. 1997)(in determining whether a bankruptcy is filed in bad faith just to reject an executory contract "the real question is whether Debtors were experiencing bona fide financial problems that warranted bankruptcy relief."). Nevertheless, Debtor raises allegations that I misapplied this analysis to this case.

Whether the new 2010 amendments to 11 U.S.C. §1112(b) have altered the bad faith analysis is a new issue in this Circuit and while I continue to think my ruling is supported by the law and facts of the current case, Debtor has raised legitimate and serious questions. Given the nature of this case and because this statutory issue is undecided, I find Debtor has met the first prong. See In re Friedman's, Inc., 2008 WL 7400626 (Bankr. S.D. Ga. Jan. 18, 2008)(granting stay pending appeal where the issues raised were unresolved in this circuit).

As to the second issue on appeal, the docket speaks for itself regarding the timing of the hearing, the pleadings and transcript. The order was not entered fifteen days from the hearing date. Nonetheless, I do not find Debtor is likely to succeed on the merits on this issue. The statute states in pertinent part, "[T]he court . . . shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling

5

circumstances prevent the court from meeting the time limits established by this paragraph." 11 U.S.C. §1112(b)(3). There was no objection to the timing of the order filed by the movants, Wilmington Property Owners Association ("WPOA") and the other condominium unit owners who joined in the motion to dismiss, rather a supplemental motion to dismiss was filed by WPOA in May. This is significant because the statute's language evidences that the benefit of having the motion heard and ruled upon in an expeditious manner belongs to the party moving for dismissal. See In re Hook, 397 B.R. 544 (B.A.P. 10th Cir. 2008)("the statutory 'right' to have the hearing conducted within 30 days [under §1112(b)(3)] plainly belongs to the moving party, rather than to the [D]ebtors.").

In addition, the complexity of the issue required more time to adequately address the matter. See 11 U.S.C. §1112(b)(3)(stating court must decide motion within 15 days after hearing unless "compelling circumstances prevent the court from meeting the time limits established by this paragraph"); DCNC North Carolina I, LLC. v. Wachovia Bank, N.A., 2009 WL 3209728 *4 (E.D. Pa. Oct. 5, 2009)(stating that the bankruptcy court did not act precipitously in taking two full months after the hearing to evaluate a pending motion to dismiss); see also 7 Collier on Bankruptcy ¶1112.04[3][b], p. 1112-21 (16th ed. 2009)(listing possible compelling circumstances that might affect a court's ability to meet

6

the deadline).  Finally, there is no statutory remedy for failing to meet the time frame.  <u>In re Pinnacle Labs., Inc.</u>, 2008 WL 5157981 *4 n. 1 (Bankr. D.N.M. June 19, 2008)(stating that unlike §362(e)(1) and (2), §1112(b)(3) does not impose a specific consequence on either party for the failure to issue an order after the 15 day deadline); 7 Collier on Bankruptcy ¶1112.04[3][b], p. 1112-21 (16th ed. 2009)(noting there is no consequence defined in the statute).  For these reasons, I do not conclude Debtor is likely to prevail on this aspect of his appeal.

Turning to irreparable harm to Debtor if the stay is not granted, Debtor states he will be irreparably harmed by having to defend the seven pending lawsuits against him and he faces prospects of judgments being entered against him thereby depleting his assets, causing Debtor to have to refile for bankruptcy relief.  He further states an open-ended contract for $5 million dollars has been executed obligating Debtor to pay for the repairs.  Furthermore, since he filed for bankruptcy, he is in default on substantial loans that will soon become due.

Given the nature of the issues and the facts of this case, I find Debtor will be irreparably harmed if the stay pending appeal is not granted.  Without the stay, Debtor's secured creditors may foreclose on their collateral while his appeal is pending and before the issues on appeal are resolved thus thwarting his ability to

reorganize.   See In re Target Graphics, Inc., 372 B.R. 866, 876 (E.D. Tenn. 2007)(irreparable harm found where creditor would repossess collateral if stay not granted); Acton v. Fullmer (In re Fullmer), 323 B.R. 287, 304-305 (Bankr. D. Nev. 2005).  In addition, there is no monetary relief available to compensate Debtor for his loss of the opportunity to pursue a reorganization of this case if he is correct on appeal.  While Debtor is not prevented from filing another chapter 11 petition, the timing of the petition date is critical.  Therefore, I find irreparable harm will occur if the stay is not granted.

In balancing the harms, while staying my order dismissing the case pending the appeal will cause substantial harm to WPOA and the other condominium owners, I find the harm to them is outweighed by irreparable harm Debtor will suffer if the stay is not granted. Over six years of litigation have already taken place.  This case continues to be a very contested case on both sides.  While the need for repairs continues, the claims of WPOA and the other condominium owners will have to be addressed through a plan if Debtor is successful in his appeal, or through other methods if Debtor's appeal is unsuccessful.  Furthermore, given the facts of this case and the more than one million dollars currently in the registry of the Superior Court of Chatham County, I do not find the posting of a supercedes bond to be necessary.

8

Lastly, the public interest must be considered. While public policy certainly is served by the finality of judgments and upholding the integrity of settlement agreements, there is a countervailing public policy of chapter 11 reorganization and financial rehabilitation. In re F.G. Metals, 390 B.R. 467, 478 (Bankr. M.D. Fla. 2008). Balancing the factors, I find allowing a debtor to argue his eligibility to reorganize serves the stronger public interest in this case and this interest would be served by granting the stay pending appeal.

For the foregoing reasons, Debtor's motion for a stay pending appeal is ORDERED GRANTED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this __14th__ Day of July 2011.

9